IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO P. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et. al.<br><br>    Defendants. | NO. 1:12-cv-00397-AWI-BAM<br><br>ORDER RE: MOTION FOR ASSESSMENT OF COSTS AGAINST PLAINTIFF<br><br>Doc. No. 8 |

**I. INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 41(d), Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration Systems, Inc., and OneWest Bank, FSB, have filed a motion for a stay of proceedings and an award of costs.

**II. BACKGROUND**

This is a foreclosure case concerning Plaintiff's residence in Bakersfield, California. Plaintiff originally filed a complaint on August 2, 2011, listing 26 causes of action against IndyMac Bank, FSB; OneWest Bank, FSB; Mortgage Electronic Registration Systems (MERS); and Federal Home Loan Mortgage Corporation (collectively "Defendants"). Defendants removed the case to this Court on August 12, 2011, and subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff failed to file an opposition to the motion,

leading the Court to vacate the hearing and take the motion under submission on October 21, 2011.

While Defendants' motion to dismiss was under submission, Plaintiff had a pending bankruptcy case in the United States Bankruptcy Court for the Eastern District of California. On November 2, 2011, Plaintiff filed a letter informing the Court of his pending Chapter 7 bankruptcy case. On December 6, 2011, Plaintiff filed a request for dismissal, requesting that the civil suit be dismissed without prejudice. In light of the pending bankruptcy case, the Court issued an order staying the civil proceedings for thirty days and requesting the bankruptcy trustee to state whether the action should be dismissed.[1] The bankruptcy trustee never responded to the order and the Court dismissed the case on March 27, 2012.

On January 10, 2012 Plaintiff received a discharge of his debts. Plaintiff then initiated the instant proceeding in Kern County Superior Court on February 6, 2012. Plaintiff's current complaint lists six causes of action against Defendants OneWest Bank, MERS, and Federal Home Loan Mortgage Corporation. Plaintiff added an additional party to the instant action, Defendant MTC Financial, Inc. dba Trustee Corps. Defendants[2] removed the case to this Court, and subsequently filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(d).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(d) provides:

"If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1)

---

[1] Upon filing a petition for bankruptcy, a debtor's legal or equitable interests in all property becomes the property of the bankruptcy estate, including causes of action based on events that occurred prior to the filing of a bankruptcy petition. 11 U.S.C. § 541(a); *Tumer v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986). Thus, the Bankruptcy Trustee was the only party with standing to prosecute, dismiss, or settle causes of action belonging to the estate, making it unclear if Plaintiff was able to dismiss the action under Federal Rule of Civil Procedure 41(a)(1). *See In re Eisen*, 31 F.3d 1447, 1451 fn.2 (9th Cir. 1994); *Sierra Switchboard Co.*, 789 F.2d at 709-10.

[2] Hereinafter "Defendants" refers to the Defendants of the instant action, with the exception of MTC Financial who is not relevant to the 41(d) motion, as it was not a party to the previous action.

2

> may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied."

Fed. R. Civ. P. 41(d). The language of Rule 41(d) clearly indicates that it conveys "broad discretion" on federal courts to order stays and payment of costs, and that neither is mandatory. *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996); *Bran v. Sun Pac. Farming Coop.*, No. CV 06-0871-LJO-TAG, 2007 WL 781865, at *4 (E.D. Cal. Mar. 13, 2007). Costs may be imposed where the plaintiff has brought a second identical, or nearly identical, claim and has requested identical, or nearly identical, relief. *Esquivel*, 913 F. Supp. at 1387. The purpose of awarding costs under Rule 41(d) is to compensate the defendant for the unnecessary expense that the plaintiff's litigation has caused. *Id.* at 1388; *Cauley v. Wilson*, 752 F.2d 769, 772 (7th Cir. 1985). Moreover, Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Bran*, 2007 WL 781865, at * 4 (quoting *Simeone v. First Bank Nat'l Assn.*, 971 F.2d 103, 108 (8th Cir. 1992)).

In resolving a motion brought under Rule 41(d), the Court should assess whether the parties and claims are the same as those in the previously dismissed action and consider whether the plaintiff's conduct satisfies the requirements and intended purpose of Rule 41(d). *See Esquivel*, 913 F. Supp. at 1387; *Bran*, 2007 WL 781865, at * 4. Finally, the Court should ask whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant. *Esquivel*, 913 F. Supp. at 1387.

### IV. DISCUSSION

**A.** *Motion for Costs*

In the original complaint, Plaintiff alleged causes of action concerning the origination of his mortgage and the foreclosure of his home. The current complaint only concerns the foreclosure process. Defendants contend that the present lawsuit is simply an amended and abbreviated version of the prior one. In his opposition, Plaintiff states that an attorney informed him that he did not have the right to maintain the civil case while his bankruptcy case was pending, but could dismiss and re-file the action once his bankruptcy case had concluded,

provided that the Bankruptcy Trustee did not assume authority over the civil action.

Defendants cite to *Jurin v. Google, Inc.*, 695 F. Supp 2d 1117 (E.D. Cal. 2010) as support for their motion. In *Jurin*, the Plaintiff filed a lawsuit in the Central District of California, voluntarily dismissed it under Federal Rule of Civil Procedure 41(a)(2), then re-filed an almost identical complaint in the Eastern District of California. *Id.* at 1123 The Court in *Jurin* agreed that Plaintiff could not "voluntarily dismiss his original suit only to further harass Defendants with renewed allegations of the same claims." *Id.* The Court ultimately granted Defendants motion for costs under Rule 41(d).

*Jurin* is distinguishable for several reasons. First, Plaintiff did not re-file an identical or even nearly identical complaint. Plaintiff reduced his case from twenty-six causes of action to six. The second complaint lists three causes of action that were also in the original complaint, including wrongful foreclosure, declaratory relief and injunctive relief. However, two of the claims are remedies rather than causes of action. As to the wrongful foreclosure claim, while Plaintiff does reiterate several arguments, a plain reading shows that the two complaints can hardly be described as identical. Finally, Plaintiff filed both cases in the same forum, directly contrasting with the *Jurin* plaintiff's blatant attempt at forum shopping among the federal courts.

Additionally, there is minimal evidence that Plaintiff is attempting to harass Defendants. Plaintiff asserted that he was unclear as to whether he could maintain his civil action during a bankruptcy action. This contention is supported by the Court's own order requesting the bankruptcy trustee to state whether the action should be dismissed. *See* Court's Docket, Case No. 1:11-CV-01400-AWI-JLT, Doc. No. 26. Defendants have offered no other indication of harassment, and nothing in the facts suggests Plaintiff's re-filing was intended as such.

In sum, the facts and circumstances of this case do not warrant an award of costs under Rule 41(d). The purpose of the rule is to prevent forum-shopping and vexatious litigation. It is not clear to the Court that Plaintiff's re-filing of the case in the same court constituted forum-shopping. Nor can the Court find that Plaintiff filed the action vexatiously or as an attempt to

4

harass defendants. Thus, the Court declines to award costs under Federal Rule of Civil Procedure 41(d).

**B. *Motion to Dismiss***

Defendants contend that Plaintiff fails to state any claim for which relief may be granted. Plaintiff did not file a response to Defendants' motion to dismiss.

*Legal Standard for motions to dismiss*

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) if the claim states no cognizable legal theory or alleges insufficient facts to support a valid allegation. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of the 12(b)(6) motion, all well-pleaded allegations are accepted as true and are construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). A well-pleaded allegation contains sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007). To be plausible, alleged facts must be more than "merely consistent with a defendant's liability;" the "sheer possibility" of unlawful behavior is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences do not meet the plausibility standard and need not be accepted as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Where, as here, the plaintiff is a pro se litigant, the plaintiff's complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Generally, the court considers only the complaint and attached documents in deciding a motion to dismiss, but the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In the original case, Federal Home Mortgage Corporation requested

5

judicial notice of Plaintiff's deed of trust; a Notice of Default and Election to Sell recorded on July 30, 2009; a Substitution of Trustee executed on August 18, 2009; an Assignment of Deed of Trust also executed on August 18, 2009; and a Notice of Trustee's Sale recorded July 21, 2010. Court's Docket, Case No. 1:11-cv-1400, Doc. 8-6 exhibits 1–6. Such documents are properly the subject of judicial notice, Fed. R. Evid. 201(b); *Permito v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 55977 at *7-8 (N.D. Cal. Apr. 20, 2012), and the court will take notice of the undisputed facts contained in these documents. *Lee*, *supra*, at 690.

       1. Wrongful Foreclosure

Plaintiff alleges in his re-filed complaint that the sale of his residence through California's nonjudicial foreclosure process was illegal and should therefore be reversed. The procedure for nonjudicial foreclosure in California is governed by California Civil Code §§ 2924 to 2924k. A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly, and a wrongful foreclosure claim must allege with sufficient facts that (1) proper procedure under §§ 2924 to 2924k was not followed; and (2) the plaintiff was prejudiced as a result. *Knapp v. Doherty*, 123 Cal. App. 4th 76 (6th Dist. 2004).

Plaintiff alleges that OneWest lacked legal authority to execute a Substitution of Trustee executed on August 18, 2009 and recorded on April 12, 2010 because OneWest was not a beneficiary under the deed of trust in April 2010. Plaintiff also alleges that an Assignment of Deed of Trust executed by MERS on August 18, 2009 and recorded on June 21, 2010 was invalid because MERS never had physical possession of the promissory note. Plaintiff concludes that OneWest never had a lawful interest in the deed of trust, and its sale of the property was therefore illegal.

First, Plaintiff's allegation that OneWest was not a beneficiary under the deed of trust in April 2010 and therefore lacked authority to execute the Substitution of Trustee is without merit. OneWest became IndyMac's successor in interest pursuant to the Assignment of Deed of Trust executed on August 18, 2009, well before April 2010.

Plaintiff's allegation that MERS did not validly execute the Assignment of Deed of Trust, which made OneWest the lender under the deed of trust, is equally without merit. Plaintiff contends that MERS was never a "holder in due course" within the meaning of California Commercial Code § 3301(a) because it never had physical possession of the promissory note. For this reason, Plaintiff alleges that MERS's execution of the Assignment of Deed of Trust must fail, along with the subsequent foreclosure and sale of the property. The California Commercial Code does not apply to real property and thus is not applicable here. Moreover, the California nonjudicial foreclosure process does not require physical possession of the note by the party initiating foreclosure. Cal. Civ. Code §§ 2924 to 2924k; *see also Dubose v. Suntrust Mortgage, Inc.*, 2012 U.S. Dist. LEXIS 55356 at *9-11 (N.D. Cal. April 19, 2012) (citing numerous decisions rejecting the requirement of physical possession of a promissory note to initiate foreclosure proceedings). Because physical possession of the note is not necessary under California nonjudicial foreclosure proceedings and because there has been no viable allegation against OneWest's authority to execute the Substitution of Trustee, Plaintiff has not sufficiently alleged that proper procedure under California Civil Code §§ 2924 to 2924k was not followed.

Plaintiff has also failed to allege any prejudice resulting from the foreclosure proceedings. As *Fontenot v. Wells Fargo Bank* explains:

> Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be tranferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note.

198 Cal. App. 4th (1st Dist. 2011). Regardless of alleged irregularities, Plaintiff remained obligated under the deed of trust to faithfully make the required payments. Plaintiff does not contend that he was not actually in default under the deed of trust. Plaintiff's property would therefore be subject to foreclosure even under an unimpeachable creditor, and any alleged irregularities in the proceedings caused by Defendants have not made Plaintiff worse off than he would have been in the absence of any problem. The First Cause of Action for wrongful foreclosure will be dismissed without prejudice and with leave to amend.

7

   2. <u>Slander of Title and Cancellation of Instrument</u>

  Plaintiff's Second Cause of Action alleges that Defendants disparaged his valid title by recording the Notice of Default, Assignment of the Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale and the Trustee's Deed Upon Sale. Plaintiff asserts that Defendants knew or should have known that the recorded documents were improper, and that Defendants were without legal authority to execute the documents. Plaintiff further alleges that Defendants knew the documents were false and "published them with a malicious intent to injure Plaintiff and deprive him of his exclusive right, title and interest in the property."

  As to the Third Cause of Action, Plaintiff again contends that Defendants do not have an interest, title or right to sell his property, and the recorded documents are invalid and void. Plaintiff further claims that the invalid documents are a cloud on Plaintiff's title and tend to depreciate the value of his property. Thus, Plaintiff requests the Court to cancel the documents.

  Both claims turn on the unsuccessful allegation that Defendants lacked legal authority to record documents and foreclose on Plaintiff's home. As discussed, Defendants had the proper authority to substitute the trustee and assign the Deed of Trust. Plaintiff does not allege any other factual basis for either his slander of title claim or his cancellation of instrument claim. As such, both the Second and Third Causes of Action will be dismissed without prejudice and with leave to amend.

   3. <u>Violation of California Civil Code Section 2932.5</u>

  Plaintiff's alleges that Defendants violated California Civil Code § 2932.5, which concerns the power of sale under a mortgage, because MERS did not transfer physical possession of the promisory note.  As discussed above, California's nonjudicial foreclosure process does not require physical possession of a promissory note.  Moreover, California courts have generally held that § 2932.5 applies only to mortgages and not to loans secured by a deed of trust. *See*, *e.g.*, *Calvo v. HSBC Bank USA*, 199 Cal. App. 4th 118, 120 (2d Dist. 2011).  Because physical possession of the note is not necessary for foreclosure and because Plaintiff's loan was secured

by a deed of trust, he cannot state a claim under California Civil Code § 2932.5. The Fourth Cause of Action will therefore be dismissed with prejudice and without leave to amend.

### 5. Injunctive and Declaratory Relief

Plaintiff's Fifth Cause of Action seeks injunctive relief. Injunctive relief is a remedy and not a standalone cause of action. *See Marlin v. AIMCO Venezia*, 154 Cal. App. 4th 154, 162 (2007). Furthermore, this claim depends on prior claims and each of Plaintiff's prior claims is defective. Accordingly the Fifth Cause of Action will be dismissed without prejudice and with leave to amend.

Plaintiff's Sixth Cause of Action seeks declaratory relief. This claim parallels other claims alleged. Aside from the claims alleged in Plaintiff's other causes of action, which the Court has dismissed, Plaintiff has not identified a specific, actual controversy warranting declaratory relief. *See* Cal. Code Civ. Proc. § 1060 (requiring actual controversy for declaratory relief); 28 U.S.C. § 2201 (same). Accordingly, the Sixth Cause of Action will be dismissed without prejudice and with leave to amend.

## V. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ordered that:

1. Defendants' motion for assessment of costs pursuant to Federal Rules of Civil Procedure Rule 41(d) is DENIED;

2. Defendants' motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) is GRANTED; and

3. Plaintiff shall have leave to amend his complaint with respect to the first, second, third, fifth and sixth causes of action within thirty days of entry of this order; the fourth cause of action is dismissed with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated:   August 28, 2012

CHIEF UNITED STATES DISTRICT JUDGE