1
2
3
4
5
6
7
8     **UNITED STATES DISTRICT COURT**
9     **EASTERN DISTRICT OF CALIFORNIA**
10
11    SERGIO P. GARCIA,                    ) Case No.: 1:12-cv-00397 - AWI - JLT
                                           )
12            Plaintiff,                   ) ORDER TO SHOW CAUSE WHY THE ACTION
                                           ) SHOULD NOT BE DISMISSED FOR
13       v.                                ) PLAINTIFF'S FAILURE TO PROSECUTE AND
                                           ) FAILURE TO COMPLY WITH THE COURT'S
14    FEDERAL HOME LOAN MORTGAGE           ) ORDER
15    CORPORATION, et al.,                 )
                                           )
16            Defendants.                  )
                                           )
17    _____  )

18        Sergio Garcia ("Plaintiff") is proceeding *pro se* and in this action against Federal Home Loan

19    Mortgage Corporation, One West Bank, Mortgage Electronic Registrations Systems, and MTC

20    Financial (collectively, "Defendants").  Defendants filed a motion to dismiss the complaint, which was

21    granted on August 28, 2012.  (Doc. 16).  The Court granted Plaintiff leave to amend the complaint

22    within thirty days of the Court's order, or no later than September 27, 2008.  *Id.* at 9.  However, to date,

23    Plaintiff has not filed an amended complaint.

24        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

25    party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

26    and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

27    inherent power to control their dockets," and in exercising that power, a court may impose sanctions

28    including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

1

1    (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

2    an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v.*

3    *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

4    requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

5    (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

6    Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

7         Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service

8    of this Order why the action should not be dismissed for failure to prosecute and failure comply with

9    the Court's order, or in the alternative, to file a First Amended Complaint in accordance with the

10   Court's order dated August 28, 2012 (Doc. 16).

13   IT IS SO ORDERED.

14       Dated:   **October 5, 2012**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE