UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO P. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00397-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE AND GRANTING THE MOTION TO EXPUNGE THE LIS PENDENS<br><br>(Doc. 20) |

Sergio Garcia ("Plaintiff") is proceeding *pro se* in this action against Federal Home Loan Mortgage Corporation, One West Bank, Mortgage Electronic Registrations Systems, and MTC Financial (collectively, "Defendants"). For the following reasons, the Court recommends the action be **DISMISSED WITHOUT PREJUDICE**.

**I.    Relevant Procedural History**

Defendants filed a motion to dismiss the complaint, which was granted on August 28, 2012. (Doc. 16). The Court granted Plaintiff leave to amend the complaint within thirty days of the Court's order, or no later than September 27, 2008. *Id.* at 9. However, Plaintiff failed to file an amended complaint.

On October 5, 2012, the Court issued an order for Plaintiff to show cause why the action should not be dismissed for his failure to prosecute and failure to comply with the Court's order. (Doc. 18).

The order was returned to the Court as "undeliverable" on October 17, 2012, and Plaintiff's forwarding address is not known.

## II. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the document was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th

Cir. 1976). The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute or notify the Court of a change in address. Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. No lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Moreover, on December 14, 2012, Defendants filed a motion seeking to expunge the Notice of Pendency of Action recorded July 10, 2012 as Instrument No. 0212093084. (Doc. 20) This motion is made on the grounds that the causes of action stated in the complaint do not state a claim. Id. In light of the Court's recommendation here, that the action be dismissed, there is no justification to permit the continued existence of the lis pendens. Thus, the Court recommends that this motion be **GRANTED**.

## IV. Findings and Recommendations

Plaintiff has failed to follow the requirements of the Local Rules or to prosecute this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**;

2. The motion expunging the Notice of Pendency of Action recorded July 10, 2012 as Instrument No. 0212093084, be **GRANTED;** and

3. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

1  Plaintiff is advised that failure to file objections within the specified time may waive the right
2  to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  Dated:    **December 21, 2012**                    **/s/ Jennifer L. Thurston**
6                                                    UNITED STATES MAGISTRATE JUDGE

4